UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------

In re

        BERNARD M. KROTJE,                         06-01751 B

                  Debtor                        DECISION & ORDER

------------------------------------------------------

                        JEFFREY FREEDMAN ATTORNEYS
                        Mark C. Laudisio, Esq., of counsel
                        424 Main Street, Suite 622
                        Buffalo, New York 14202
                        Attorneys for the Debtor

Bucki, U.S.B.J.

      In this chapter 13 proceeding, the debtor objects to an unsecured claim for a deficiency on an automobile loan. The central issue is whether the debtor can avoid this deficiency claim by reason of his voluntary surrender of the collateral, even when that surrender occurs prior to the petition for bankruptcy relief.

      Bernard M. Krotje purchased a 2003 Ford Thunderbird on June 13, 2005. Pursuant to the terms of a retail installment contract, Mr. Krotje gave a security interest in the automobile to Community Bank, N.A., which proceeded to perfect its lien. Soon thereafter, Krotje had either a change of mind or a change in circumstances, so that on February 6, 2006, he surrendered the vehicle to Community Bank. Then, on April 5, Community Bank sold the car at a public auction for $25,800. After taking into account the costs of sale, Community Bank realized a deficiency in the amount of $11,552.89.

      On June 27, 2006, Bernard Krotje filed a petition for relief under chapter 13 of the Bankruptcy Code. Without opposition from creditors, a plan was then confirmed by order dated August 31, 2006. Although Community Bank had already sold the Thunderbird, the confirmation order contained the additional direction that the vehicle would be surrendered in satisfaction of the lender's claim. Notwithstanding this provision,

Community Bank then filed a proof of claim for the amount of its deficiency. The debtor now objects to that claim.

The debtor argues that the claim of Community Bank should be disallowed by reason of the interplay of sections 1322(b)(2), 1325(a)(5) and 506(a)(1) of the Bankruptcy Code. Section 1322(b)(2) states generally that a plan in chapter 13 may modify the rights of holders of secured claims. To be confirmed, however, the plan must satisfy the requirements of section 1325. Subdivision (a)(5) of this section states that the court shall confirm a plan if one of three alternatives is fulfilled "with respect to each allowed secured claim provided for by the plan." These alternatives require either that the holder of the secured claim accept the plan, or that the debtor make payments as specified in 11 U.S.C. § 1325(a)(5)(B), or that the debtor surrender the property.

For most purposes of relevance to the application of section 1325(a)(5), "allowed secured claim" is defined by 11 U.S.C. § 506(a). Pursuant to this later section, an allowed claim "is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim." Thus, the surrender of property will operate only to satisfy the secured portion of a claim. However, this general rule is subject to the impact of the so-called "hanging paragraph" of section 1325(a), which reads as follows:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

Mr. Krotje contends that because he purchased the Thunderbird within 910 days of the date of bankruptcy filing, the allowed secured claim of Community Bank is not subject to

bifurcation.  Therefore, in his view, surrender of the vehicle caused a satisfaction of the entire obligation, and allowed no opportunity for a deficiency claim.

If the debtor had surrendered the vehicle after the commencement of this chapter 13 proceeding and pursuant to the terms of a plan, then perhaps that surrender might have effected a satisfaction of the underlying obligation.  I need not consider that possibility, however, because the facts in the present instance are different.  Here, Mr. Krotje surrendered the property more than four months before he filed his bankruptcy petition.  The collateral was then sold more than two months before the bankruptcy filing. Pursuant to N.Y.U.C.C. § 9-615(d)(McKinney 2002), after the application of the sale proceeds, Krotje became liable for any deficiency.  Because the creditor had established the deficiency prior to the commencement of bankruptcy, the unsecured character of its claim was already determined.

When Barnard Krotje filed his bankruptcy petition, Community Bank no longer enjoyed the status of a secured creditor.  Hence, the claim was not subject to the treatment that sections 1322(b)(2) and 1325(a)(5) would apply to secured claims. Rather, the creditor may properly assert its deficiency as an unsecured claim in this bankruptcy proceeding.  Because the debtor has stated no other grounds to challenge the amount of the deficiency, his objection to the claim of Community Bank is overruled.

So ordered.

Dated:     Buffalo, New York                 /s/ CARL L. BUCKI
           May 24, 2007                               U.S.B.J.